**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MORGAN WEST, )<br>*personal representative of the estate of* )<br>**RYAN WEST,** *deceased*, )<br>                                                                       )<br>        **Plaintiff,** )<br>                                                                       )<br>v.                                                                  )   Cause No. 1:19-cv-00463-HAB-SLC<br>                                                                       )<br>**VALERO RENEWABLE FUELS COMPANY,** )<br>**LLC,** )<br>                                                                       )<br>        **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is a Motion for an Order Permitting the Discovery Deposition of the Author of the I-OSHA Investigation Report, filed by Plaintiff on September 24, 2020. (ECF 34). On October 6, 2020, Defendant filed a response (ECF 35), to which Plaintiff filed a reply on October 13, 2020 (ECF 36). Also before the Court is Plaintiff's Motion to Extend Plaintiff's Expert Disclosure Deadline (ECF 37) filed on October 28, 2020, to which both a response (ECF 38) and a reply (ECF 39) have been filed. Accordingly, both matters are fully briefed and ripe for ruling. For the following reasons, Plaintiff's motion requesting an order permitting a deposition (ECF 34) is GRANTED. Further, Plaintiff's motion requesting a deadline extension (ECF 37) is GRANTED IN PART and DENIED IN PART.

### *A. Background*

This case revolves around a workplace accident where the decedent, Ryan West, was killed while performing maintenance work on an industrial auger and drag conveyor at an ethanol manufacturing facility operated by Defendant. (ECF 1; ECF 34-1 at 4). While the decedent was working, the auger allegedly "became engaged, trapping [him] inside the

equipment and causing his death." (ECF 1 ¶ 7). Following the accident, the Indiana Occupational Safety and Health Administration ("I-OSHA") investigated the matter and—after interviewing several employees of Defendant as well as the maintenance company which employed the decedent—issued a report (the "I-OSHA Report") detailing its findings. (ECF 30, 34-1). Plaintiff, as the personal representative of the decedent, initiated this matter alleging that Defendant negligently caused the decedent's death by failing to provide a safe workplace. (ECF 1 ¶¶ 8-9).

On July 23, 2020, the Court granted a joint stipulation of the parties (ECF 30), requesting the Court issue an order pursuant to Indiana Code §§ 22-8-1.1-24.3 and 5-14-3-4(a)(1), allowing for the disclosure of the redacted names contained within the I-OSHA Report and its accompanying notes (ECF 31). Plaintiff now seeks an additional order allowing him to depose the author of that report, asserting that there are ambiguities between the final report and the author's handwritten notes. (ECF 34 ¶ 5). More specifically, Plaintiff seeks to question the report author whether the handwritten "Witness Statements" notes from the interview of one of Defendant's employees—David Roush ("Roush")—"are in fact statements made by the witness or are simply the author's notes." (ECF 36 at 2; *see also* ECF 34 ¶¶ 4-5). Defendant, in response, argues that a deposition is unnecessary, uneconomical, and inefficient and that accordingly, no injustice would occur if the deposition were not allowed. (ECF 35 at 2-4). As a result, Defendant asserts that Plaintiff has failed to satisfy the requirements of Indiana Code § 22-8-1.1-52 and Federal Rule of Civil Procedure 26(b)(1). (*Id.*).

While the first motion (ECF 34) was pending, Plaintiff filed a separate motion requesting an extension of the discovery deadline and expert disclosure deadline to accommodate the deposition of the I-OSHA author (ECF 37). Defendant opposes this motion on the grounds that

Plaintiff failed to act with due diligence in seeking to request the extension. (ECF 38). More specifically, Defendant contends that Plaintiff has failed to explain how the alleged ambiguities in the report author's notes prevented Plaintiff from selecting and disclosing his expert witnesses. (*Id.* at 3). Plaintiff, in his reply, asserts that it was not until Roush's own deposition that Plaintiff became aware of the supposed discrepancy between the handwritten notes and the final report. (ECF 39 ¶¶ 8-10). Plaintiff maintains that he has diligently sought to clarify this discrepancy—which would inform his choice of expert—and diligently sought an extension when he realized he would not be able to clarify the issue within the previously set deadline. (*Id.* ¶¶ 12-15).

### B. Analysis

1. Plaintiff's Motion for an Order Permitting Him to Depose the I-OSHA Report Author

Plaintiff asserts that I-OSHA is unwilling to permit a deposition of the report author without a court order pursuant to Indiana Code § 22-8-1.1-52. (ECF 34 ¶ 6). Indiana Code § 22-8-1.1-52, in turn, provides that no I-OSHA "employee or former employee . . . is subject to subpoena for purposes of inquiry . . . [unless] [a] court finds that: (A) the information sought is essential to the underlying case; (B) there are no reasonable alternative means for acquiring the information; and (C) a significant injustice would occur if the requested testimony was not available." As mentioned, Defendant opposes the motion on the grounds that none of these criteria are met. (ECF 35 at 3-4). It similarly asserts that a deposition is not proportionate to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1)—especially given the ongoing COVID-19 pandemic. (*Id.* at 4 n.3).

Defendant, however, misses the point of Plaintiff's request. As Plaintiff clarified in his reply to his motion to extend his expert disclosure deadline, he is not simply seeking to clarify a pagination issue. Rather, he clarified that at Roush's deposition, Plaintiff learned that there was

3

a second page to the "witness statement" notes regarding Roush's conversation with the report author. (ECF 39 ¶ 7). The actual ambiguity, according to Plaintiff, is regarding the scope of the work decedent was authorized to perform as described in the I-OSHA Report and in the author's notes from his conversation with Roush. (*Id.* ¶¶ 8-10). In particular, "Plaintiff's counsel now seeks confirmation that . . . [the decedent's] work on the auger conveyor at the time of his death had been requested by Dennis Roush and did not involve the gearboxes." (*Id.* ¶ 10).[1]

Whether the decedent was ordered to be working on the auger at the time of his death certainly appears "essential" to Plaintiff's negligence claim, as it goes to the relative reasonableness of both the decedent's and Defendant's actions. Similarly, if the report author's testimony regarding his or her conversation with Dennis Roush differs from Mr. Roush's own testimony, the report author's testimony could potentially be offered at trial as impeachment evidence. *See United States v. DeMarco*, 784 F.3d 388, 394 (7th Cir. 2015) ("Suarez denied making the statement to Agent McCune. Pursuant to Rule 613(b), DeMarco was then entitled to elicit testimony from Agent McCune regarding Suarez's prior inconsistent statements in order to perfect impeachment."). As such, it would be unjust to prevent Plaintiff from inquiring into this matter. Finally, Plaintiff cannot ascertain the report author's understanding of his conversation with Roush without being able to question him about it. Accordingly, there does not appear to

---

[1] The I-OSHA Report, which ultimately determined that "the work permit put together by [Defendant] was not followed," suggests that the decedent was not approved or known to have been working on the auger at the time of his death. (ECF 34-1 at 5, 7) ("On the day of the incident . . . the victim was onsite performing work on a conveyor from dryer A. Prior to starting work for the day, the safe work permit process and lock out tag out process were both completed for the job being performed on the dryer conveyor. . . . At some point, the victim moved work from the dryer conveyor to the second level auger conveyors leading to the concrete drying pad outside. . . . [Defendant] management stated that these augers were not included in the scope of work."). Plaintiff's counsel, however, wants to clarify whether the report author's handwritten note from his conversation with Roush that they "discussed overview of work that day, discussed 5 gearboxes on upper conveyors that were questionable and were going to be worked on," refers to a request that the decedent work on the auger at the time of his death. (ECF 34-2 at 3).

be "reasonable alternative means" for resolving the supposed ambiguity between the author's notes and the final report.

Given that such information seems "essential" to Plaintiff's case, it is hard to see how the requested deposition is not proportionate to Plaintiff's needs or relevant under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(1); *see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 559 (7th Cir. 1984) ("Generally, the Federal Rules of Civil Procedure allow broad discovery . . . .").  While the Court is certainly cognizant of the additional risks and burdens caused by the ongoing pandemic, such risks and burdens can be reduced by conducting the deposition via video teleconference.  (ECF 36 at 3).

In summation, Plaintiff has satisfied the requirements of both Indiana Code § 22-8-1.1-52 and Federal Rule 26.  Accordingly, the Court grants Plaintiff to and including December 20, 2020, to depose the report author.

2.  Plaintiff's Motion to Extend Deadlines

As mentioned, Plaintiff has also filed a motion to extend the discovery and expert disclosure deadlines—asserting that deposing the author of the I-OSHA report "will aid counsel in selecting experts in the case and aid mediation when resumed."  (ECF 37 at 2).  On January 10, 2020, the Court entered a Scheduling Order setting September 4, 2020, as the deadline for Plaintiff to serve reports from experts retained under Federal Rule of Civil Procedure 26(a)(2), and November 30, 2020, as the close of all fact and expert discovery.  (ECF 17).  Upon the parties' agreed motion, though, the Court reset the Plaintiff's expert disclosure deadline to November 6, 2020, and extended the discovery deadline to March 31, 2021.  (ECF 32, 33; *see also* ECF 18, 19, 22, 25, 28, 29).

5

Plaintiff now requests that the Court grant him thirty days to depose the report author, extend his expert disclosure deadline to January 5, 2021, and afford the parties an unspecified extension to the discovery deadline. (ECF 37 at 3). Defendant opposes the motion, asserting that Plaintiff has failed to establish "good cause" for modifying the Court's scheduling order. (ECF 38). Defendant argues that Plaintiff failed to act with due diligence in requesting the extension by waiting until September 24 to seek an order to depose the report author, and then by waiting until October 28 to seek an extension despite being in possession of the unredacted I-OSHA report in early August. (*Id.* at 3). Plaintiff, however, claims that he was not aware of the second page of the notes concerning the report author's conversation with Roush—and thus the supposed ambiguity between the notes and the final report—until Roush's deposition on September 10, 2020. (ECF 39 ¶¶ 6-8). Accordingly, Plaintiff argues that he acted diligently in requesting an order to depose the report author within fourteen days of Roush's deposition and then moving to extend the expert disclosure deadline. (*Id.* ¶ 14).

Pursuant to Federal Rule of Civil Procedure 16, the Court must issue a scheduling order limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order, though, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). In other words, "the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Stewardson v. Cass Cty.*, No. 3:18-CV-958-DRL-MGG, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020).

Here, Plaintiff was diligent in seeking an order to depose the report author and later an extension to his expert disclosure deadline.  If Plaintiff was unaware of the second page of the handwritten notes on September 10, 2020, he only waited two weeks before seeking a court order to conduct the deposition.  Further, at the time Plaintiff filed his motion for an extension, the Court obviously had not yet ruled on his request to depose the report author.  Accordingly, Plaintiff could not have known whether the Court would rule in his favor and if an extension would be necessary.

Still more, the deposition of the report author may lead to evidence that would have a bearing on any finding Plaintiff's eventual expert might reach.  "To prevail on a negligence claim, [Plaintiff] must show (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by the breach of duty." *Smith v. Walsh Constr. Co. II, LLC*, 95 N.E.3d 78, 84 (Ind. Ct. App. 2018).  The responsibilities of the decedent at the time of his death would likely be relevant to whether or not the Defendant's—or its agents'—conduct fell below the applicable standard of care.  "Generally, in order for the finder of fact to know if a professional has complied with the applicable standard of care, a party must present expert testimony establishing that standard of care." *Troutwine Estates Dev. Co., LLC v. Comsub Design & Eng'g, Inc.*, 854 N.E.2d 890, 902 (Ind. Ct. App. 2006).  Accordingly, Plaintiff will be afforded to and including January 20, 2021, to deliver his expert witness disclosures and reports to Defendant.  Similarly, Defendant will be afforded to and including February 20, 2021, to deliver its expert reports and disclosures to Plaintiff.

To the extent, though, that Plaintiff is requesting an unspecified extension to the discovery deadline, his request will be denied without prejudice.  As already discussed, the

current deadline for the close of discovery is March 31, 2021.  While the Court is granting the parties additional time to make their expert disclosures, it is unclear how much time will still be needed to complete discovery thereafter.  As such, the parties are advised to seek a further extension—if necessary—when they have a clearer idea of how much additional time they might need to complete discovery.

### *C.  Conclusion*

In conclusion, Plaintiff's Motion for an Order Permitting the Discovery Deposition of the Author of the I-OSHA Investigation Report (ECF 34) is GRANTED.  Plaintiff is afforded to and including December 20, 2020, to depose the report author.  Further, Plaintiff's Motion to Extend Plaintiff's Expert Disclosure Deadline (ECF 37) is GRANTED IN PART and DENIED IN PART.  Plaintiff is afforded to and including January 20, 2021, to deliver his expert disclosures and reports to Defendant, while Defendant is afforded to and including February 20, 2021, to deliver its expert disclosures and reports to Plaintiff.  Plaintiff's request for an extension to the close of discovery deadline, however, is DENIED without prejudice.  The Parties are advised to seek a further extension of the discovery deadline if necessary.

SO ORDERED.

Entered this 20th day of November 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

8